**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| JULIEN LOUIS | : | DOCKET NO. 2:07-cv-0025<br>Section P |
| VS. | : | JUDGE MINALDI |
| STEVEN BOLL, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Julien Louis, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner states that on October 27, 2002[1], he was ordered removed *in absentia* from the United States to Haiti by an immigration judge. He did not appeal this order because he received no actual notice of it. He later filed a Motion to Reopen which was denied on November 15, 2006. Petitioner states that he currently has an appeal of this decision pending before the Board of Immigration Appeals (BIA). On December 28, 2006, the BIA denied petitioner's motion for a stay pending consideration of his appeal. *See* Petitioner's Exhibit 3. On January 5, 2007, petitioner filed this petition for writ of *habeas corpus* wherein he challenges his removal order on the grounds that he has been denied due process. Petitioner also seeks a stay of his removal.

---

[1] The Immigration Court Information System indicates that October 24, 2002 is the actual date of petitioner's removal order. This telephonic, computerized service provides status reports on past and pending immigration proceedings and may be reached at 1-800-898-7180. It requires the petitioner's alien number.

## **LAW AND ANALYSIS**

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b). *See* 8 U.S.C. § 1252(a).

In light of this statute, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order. This court also lacks jurisdiction to grant petitioner a stay of removal. INA § 242(g); *Idokogi v. Ashcroft*, 66 Fed.Appx. 526 (5th Cir. 2003).

Accordingly,

RECOMMENDED that this petition be DISMISSED for lack of jurisdiction.

---

[2] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[3] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, January 10, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE